IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02189-ZLW

JERRY L. MASKE,

    APPLICANT,

v.

VALERIE ESTRADA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -1 2009

GREGORY C. LANGHAM
                   CLERK

---

ORDER DENYING MOTION TO RECONSIDER
AND REQUEST TO RECUSE, AND
DIRECTING CLERK OF COURT TO PROCESS APPEAL

---

Applicant Jerry L. Maske, acting *pro se*, filed a Letter with the Court on September 26, 2009, objecting to the dismissal of this case. Subsequently, on September 29, 2009, he filed eleven additional Letters. The additional Letters include a request for the return of the filing fees Mr. Maske paid in seven previous cases, general accusations that the Court disregards the rights of disabled individuals and *pro se* litigants, and a claim that the Court has been "playing [him] along for months" (Doc. Nos. 10 and 13). In two of the Letters, (Doc. Nos. 6 and 16) Mr. Maske challenges the Court's dismissal of the instant action as frivolous or malicious and asks that Senior Judge Zita L. Weinshienk recuse herself from the action. Mr. Maske, in three of the letters, (Doc. Nos. 6, 16, and 17) also asks that his civil actions be moved to another state and demands an immediate appeal. The Court must construe the Letters liberally because

Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

First, with respect to Mr. Maske's request for recusal, 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. In a request for recusal of a judge, § 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and

reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maske alleges that the Court has "nick-picked apart" every civil action that he has filed with the Court (Doc. No. 6) and that the Court does not respect the rights of disabled individuals and of *pro se* litigants. Taking into consideration the substance of the forty-four actions Mr. Maske has filed with the Court in the past six months, and his inability to state a nonfrivolous claim, the Court finds that Mr. Maske fails to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. §§ 144 or 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the request for a recusal will be denied.

As for Mr. Maske's request for a transfer of venue and possible reconsideration of the Court's dismissal of the action, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*,

486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The September 24, 2009, Order denied the Application and dismissed the action. Mr. Maske filed his first Letter challenging the dismissal of this case on September 26, 2009, and the other eleven Letters on September 29, 2009, all within ten days of the final judgment in the instant action. The Letters, to the extent they challenge the dismissal of this case, properly are filed as a Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the construed Motion to Reconsider and the entire file, the Court concludes that Mr. Maske fails to demonstrate some reason why the Court should alter or amend the September 24, 2009, Order of Dismissal in this action and consider a change of venue. Therefore, the Motion to Reconsider will be denied.

The Court also notes that the eleven Letters Mr. Maske filed on September 29, 2009, are harassing, in both tone and volume. Mr. Maske is directed to refrain from filing any further unnecessary Letters with this Court. Furthermore, the request for a refund by Mr. Maske, in Document No. 15, is denied as inappropriately filed in this case. Mr. Maske is asking for the return of the filing fees that he has paid in other cases. In any event, the filing fee is not refundable. Accordingly, it is

4

ORDERED that the request for recusal, contained in the September 26, 2009, Letter (Doc. No. 6) is denied. It is

FURTHER ORDERED that the September 26, 2009, Letter is construed in part as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 59(e) and is denied. It is

FURTHER ORDERED that the request for a refund (Doc. No. 15) is denied as inappropriately filed in this case. It is

FURTHER ORDERED that the Clerk of the Court is directed to construe and process Document Nos. 6, 16, and 17 as one Notice of Appeal.

DATED at Denver, Colorado, this 1st day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02189-ZLW

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk