IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02189-ZLW

JERRY L. MASKE,

     APPLICANT,

v.

VALERIE ESTRADA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2009

GREGORY C. LANGHAM
CLERK

---

ORDER

---

Applicant Jerry L. Maske, acting *pro se*, filed a Letter with the Court on October

5, 2009, (Doc. No. 23) raising the same objections and seeking the same relief that he

sought in the previous twelve letters he filed with the Court. He also filed a Letter on

October 5, 2009, (Doc. No. 22), in which he states that he will "get the affidavits

requested." The Court must construe the Letters liberally because Mr. Maske is a *pro*

*se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).

To the extent the Letter dated October 3, 2009, (Doc. No. 23) is an affidavit by

Mr. Maske asserting personal bias and prejudice in support of his motion for recusal,

the affidavit lacks merit. "[J]udicial rulings alone almost never constitute a valid basis

for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Mr.

Maske's claim that this Court is prejudiced based on gender because the sentence he

attacks in this action "involve women" also lacks merit. Nothing in the claims Mr. Maske

sets forth in the 28 U.S.C. § 2254 Application indicates that the state offense he

committed was against a woman.  Even if the Court were aware that the victim in Mr.

Maske's state offense was a woman, nothing Mr. Maske asserts constitutes a valid

basis for a bias or partiality.  Mr. Maske again fails to demonstrate that disqualification

is appropriate pursuant to either 28 U.S.C. § 144 or 455(a).  Therefore, the motion for a

recusal will be denied.

As for Mr. Maske's renewed motions for a transfer of venue, for possible

reconsideration of the Court's dismissal of the action, and for refund of filing fees he

has paid in previous cases, the motions are denied for the same reasons stated in the

October 1, 2009, Order.  With respect to Mr. Maske's request for a "motion against" the

Court for an alleged violation of 28 U.S.C. § 1654, the Judiciary Act, and the Code of

Conduct for United States Judges, the request is construed as a complaint against the

Court and is improperly filed in this action.

The Court further notes that the Clerk of the Court has processed Mr. Maske's

motion for an appeal as an Amended Notice of Appeal.  Accordingly, it is

ORDERED that the motion for recusal, contained in the October 5, 2009, Letter

(Doc. No. 23) is denied.  It is

FURTHER ORDERED that the motions for a refund, for reconsideration of the

dismissal, and for change of venue, and the motion against the Court, all contained in

the October 5, 2009, Letter, (Doc. No. 23) are denied.

DATED at Denver, Colorado, this __4th__ day of ___November___, 2009.

BY THE COURT:

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02189-ZLW

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _11/6/09_

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk